IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

Nos. 02-30091, 02-30306
_____

TRUDY TYLER BELGARD; JIMMIE BELGARD,

Plaintiffs-Appellants,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE, ANN VENEMAN,
SECRETARY, DEPARTMENT OF AGRICULTURE; WILLY COOPER, Executive
Director for Farm Service Agency for Louisiana; CRAIG MCCAIN, County Executive
Director; ROBERT BRADLEY, Farm Service Agency Program Specialist,

Defendants-Appellees.

BELWISE AQUACULTURE SYSTEM INC.,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE, ANN VENEMAN,
SECRETARY, DEPARTMENT OF AGRICULTURE; FARM SERVICES AGENCY;
WILLY COOPER, Executive Director of Farm Service Agency for Louisiana; CRAIG
MCCAIN, County Executive Director; ROBERT BRADLEY, Farm Service Agency
Program Specialist,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Western District of Louisiana
_____

March 6, 2003

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Plaintiffs-Appellants Belwise Aquaculture Systems Inc. ("Belwise") and Trudy and

Jimmie Belgard ("the Belgards") appeal the district court's grant of summary judgment in

favor of the Defendants-Appellees. We affirm essentially for the reasons given by the district

court.

Belwise and the Belgards are engaged in the business of farming and harvesting catfish

fingerlings in Louisiana. In 1999, Belwise and the Belgards sought relief under the Crop Loss

1

Disaster Assistance Program ("CLDAP") for losses suffered due to excessive heat during the summer of 1998. Belwise and the Belgards lost approximately 90 and 60 percent of their catfish fingerlings, respectively.[1] The U.S. Department of Agriculture ("USDA") distributed compensation to Belwise and the Belgards through the CLDAP, but they were unsatisfied with the amount of disaster assistance they received because the USDA did not compensate them for the loss of the entire crop. Instead, the USDA reduced their compensation based on two scientific conclusions: (1) 20 percent of the catfish fingerlings would die in normal circumstances, and (2) a maximum of 60 percent died as a result of the excessive heat in 1998. Belwise and the Belgards unsuccessfully challenged the USDA's reduction of their compensation in a series of administrative actions. In December 2000, pursuant to 5 U.S.C. § 702 of the Administrative Procedure Act and 7 U.S.C. § 6999, Belwise and the Belgards filed suit in federal district court. The district court granted summary judgment in favor of the Defendants-Appellees.

This Court reviews grants of summary judgment *de novo*. *Travelers Cas. & Sur. Co. of Am. v. Baptist Health Sys.*, 313 F.3d 295, 297 (5th Cir. 2002). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view all evidence and factual inferences in the light most favorable to the party opposing the motion." *Id.*

During oral arguments, Belwise and the Belgards conceded the authority of the USDA to establish a normal mortality rate and a maximum loss rate. However, Belwise and the Belgards argued that: (1) the USDA did not follow the proper procedure in establishing the normal mortality rate, and (2) the USDA was obliged to consider any identifiable records supplied by the Plaintiffs-Appellants before applying the maximum loss rate.

Viewing the evidence in the light most favorable to the non-movant, we conclude that there is no genuine issue of material fact essentially for the reasons set forth by the district

---

[1] Even in the absence of excessive heat, it is normal for those engaged in the farming and harvesting of catfish fingerlings to lose a certain percentage of catfish fingerlings.

court. Therefore, the Defendants-Appellees are entitled to judgment as a matter of law.

Accordingly, the district court's grant of summary judgment in favor of the Defendants-Appellees is AFFIRMED.